UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEN WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: |
| | ) | |
| CARDOZA PUBLISHING, INC., and | ) | |
| AVERY CARDOZA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve: Avery Cardoza | ) | |
| 5473 S. Eastern Avenue | ) | |
| Las Vegas, Nevada 89119 | ) | |
| | ) | |
| Cardoza Publishing | ) | |
| c/o Avery Cardoza | ) | |
| 5473 S. Eastern Avenue | ) | |
| Las Vegas, Nevada 89119 | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### COUNT I – BREACH OF CONTRACT

**COMES** now plaintiff KEN WARREN, by and through his undersigned counsel, The Law Offices of Jeffrey M. Witt, LLC, and for his Complaint for damages, states as follows:

1. Plaintiff is an individual domiciled in the County of St. Charles, State of Missouri.

2. Defendant is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business located at 132 Hastings Street, Brooklyn, New York 11235.

1

3. Venue is proper in the Eastern District of Missouri in that the contract that forms the basis of plaintiff's claims was executed in the Eastern District of Missouri.

4. The amount in controversy is in excess of $75.000.00.

5. On February 1, 2003, plaintiff and defendant, through defendants' authorized agent, Avery Cardoza, executed a document entitled "Cardoza Publishing Book Contract." A copy of said contract is attached hereto and incorporated herein by reference as plaintiff's Exhibit #1.

6. Paragraph 5 of the contract states as follows: "The Publisher shall pay the Author the following royalties on sales (less returns): (a) Sales of paperback (trade and/or mass market) in the United States – 6% of the retail price for all copies sold; (b) Sales of hardcover (if applicable) in the United States – 7.5% of the retail price for all copies sold; (c) Sales of paperback and hardcover outside the United States – 50% of the normal royalty for all copies sold….

7. Defendant, through its duly authorized agent, Avery Cardoza, has published and sold plaintiff's books in the United States and abroad.

8. Defendant, through its duly authorized agent, Avery Cardoza, has failed to pay royalties to plaintiff under the express terms of the contract.

9. Plaintiff has paid, and defendant has received, good and valuable consideration under the express terms of the contract.

10. Defendant, in failing to pay plaintiff all sums due plaintiff, breached the contract.

11. As a direct and proximate result of defendant's breach of contract, plaintiff sustained damages in excess of $1,000,000.00.

**WHEREFORE**, plaintiff prays for judgment against defendant in an amount that is fair and reasonable in excess of $75,000.00, plus plaintiff's costs and attorney's fees expended herein.

## COUNT II – UNJUST ENRICHMENT

12. Plaintiff realleges and incorporates by reference each and every allegation contained in Count I of plaintiff's Complaint as though fully set forth here.

13. Defendant, in retaining monies from the sale of plaintiff's books, both domestically and abroad, has been enriched by the receipt of a tangible benefit.

14. Defendant's enrichment of a tangible benefit was at plaintiff's expense.

15. Under the facts as alleged herein, it would be unjust and unconscionable to allow defendant to retain the tangible benefit which defendant has received.

16. As a direct and proximate result of defendant's unlawful action, plaintiff sustained damages in excess of $1,000,000.00.

**WHEREFRORE**, plaintiff prays for judgment against defendant in an amount that is fair and reasonable in excess of $75,000.00, plus plaintiff's costs and attorney's fees expended herein.

### COUNT III – CONVERSION

17. Plaintiff realleges and incorporates by reference each and every allegation contained in Count I and Count II of plaintiff's Complaint as though fully set forth here.

18. At all times herein relevant, defendant Avery Cardoza was the authorized agent for Cardoza Publishing Inc.

19. Defendant Avery Cardoza took unlawful possession of book royalties that lawfully belonged to plaintiff, and defendant Avery Cardoza's taking of plaintiff's royalties was without a legal claim of right.

20. Defendant Avery Cardoza has failed to turn over to plaintiff royalties that are the lawful property of plaintiff, despite plaintiff's repeated demands for payment.

21. As a direct and proximate result of Defendant Avery Cardoza's actions, plaintiff sustained damages in excess of $1,000,000.00.

**WHEREFORE**, plaintiff prays for judgment against defendant Avery Cardoza in an amount that is fair and reasonable in excess of $75,000.00, plus plaintiff's costs and attorney's fees expended herein.

### COUNT IV- ACCOUNTING

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Count I, Count II and Count III of plaintiff's Complaint as though fully set forth here.

23. Plaintiff and defendant Avery Cardoza entered into a fiduciary relationship wherein defendant served as plaintiff's agent.

24. Plaintiff and defendant Cardoza Publishing Company, entered into a fiduciary relationship wherein Cardoza Publishing serves as plaintiff's agent.

25. Defendants caused plaintiff's books to be sold in the United States and abroad and defendants have failed to remit royalties to plaintiff.

26. Defendants are indebted to plaintiff in an amount that can only be ascertained by an accounting.

**WHEREFORE**, plaintiff prays for an Order directing defendants to account for all sums received from sales of plaintiff's books in the United States and abroad.

Respectfully submitted,

/s/ Jeffery M. Witt

Jeffery M. Witt, #56579   50842/3
4119 Old Hwy. 94 South
St. Charles, Missouri 63043
314-260-7376
636-438-1328 Fax
jeff@jmwitt.com